UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>GABRIEL M. WILLIAMS,<br>                Defendant. | Criminal No. 06-046-M (AK) |

## DETENTION MEMORANDUM

The Defendant, Gabriel M. Williams has been charged by criminal complaint with unlawful, knowing, and intentional possession with intent to distribute crack cocaine, a Schedule II narcotic drug, in violation of 21 U.S.C. §§ 841(a)(1). The government requested a detention hearing, which was held on February 8, 2006. At the conclusion of the hearing, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

### Findings of Fact

At the detention hearing, Special Agent Jennell Boggs, an agent with the Drug Enforcement Administration (DEA), testified for the government. Agent Boggs testified that at approximately 6:30 a.m. on Feb. 2, 2006, she and several other DEA agents executed a search warrant at 4221

Edson Place, NE, Washington, DC, a residence owned by the Defendant. The Defendant was present during the search. According to Agent Boggs, the Defendant arrived at his residence at approximately 6:25 a.m. driving a 2003 Cadillac Deville, which is registered to the Defendant.

According to Agent Boggs, the Defendant cooperated in the search and showed the agents where he had hidden three guns and over two hundred grams of crack cocaine and cocaine powder. DEA agents found a loaded Glock .40 caliber semi-automatic pistol underneath a pillow in the master bedroom, a loaded HK .45 caliber semi-automatic pistol behind a couch cushion in the living room, and a .44 Magnum in a false book behind the stove in the kitchen. Agent Boggs testified that she personally witnessed the Defendant show DEA agents the Magnum hidden in a false book in the kitchen. Agent Boggs also testified that other DEA agents told her that the Defendant showed them the other two guns.

In addition to three firearms, Agent Boggs testified that DEA agents recovered approximately 126 grams of crack cocaine and 79 grams of cocaine powder in a black backpack hidden in the kitchen closet. Agents also recovered a digital scale and several hundred small ziploc baggies from the same backpack. During the hearing, the Defendant indicated that he did not live at 4221 Edson Place. However, agents recovered documents from a shoebox underneath the bed in the master bedroom indicating that the Defendant at least receives mail at that location and maintains control of the residence. The shoebox contained the title to the 2003 Cadillac Deville, several bank statements in the Defendant's name and addressed to 4221 Edson Place, NE, and a 2005 W-2 in Defendant's name, also addressed to 4221 Edson Place.

Defendant's criminal record indicates that he was arrested in 1993 in Maryland for attempted distribution of marijuana and again in 1998 for possession of a handgun in a vehicle. Information

regarding the disposition of the 1993 charge is not available. The pre-trial services report indicates that whatever sentence was initially imposed was suspended. The Defendant completed 3 years of probation for the 1998 gun charge.

### Discussion

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

Having heard the testimony at the February 8, 2006 hearing, the Court found that there is probable cause to believe that the Defendant committed an offense in violation of 21 U.S.C. § 841(a)(1). When, as here, there is probable cause to believe that a Defendant has committed a violation of the Controlled Substance Act for which a maximum penalty of 10 years or more is prescribed, a rebuttable presumption arises that the Defendant constitutes a danger to the community, and no pretrial release condition or combination of conditions may be imposed to assure his future presence in court or to reasonably assure the safety of the community.

In determining whether there are conditions of release which will reasonably assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) the Defendant's history and characteristics, including the

Defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the Defendant's release. *See* 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention. The Defendant is charged with possession with intent to distribute crack cocaine and cocaine powder, dangerous and destructive narcotics. Additionally, DEA agents recovered three loaded semi-automatic weapons from the Defendant's house.

The second factor, the weight of the evidence, also favors detention. DEA agents recovered 126 grams of crack cocaine, 79 grams of cocaine powder and paraphernalia indicating that the Defendant was engaged in distribution rather than possession. Agents also recovered three loaded weapons hidden in various locations around the house. Even if the Defendant does not use 4221 Edson Place as his primary residence, the house is titled to the Defendant, he receives mail at that location, and the evidence indicates that he regularly uses and controls the house.

The third factor, the history of the Defendant, does not support pretrial detention. Although the Defendant has two prior criminal charges, the first is minor - possession and distribution of marijuana - and occurred approximately 13 years ago. The 1998 charge - carrying a handgun in a vehicle - is more serious. However, the Defendant appears to have successfully completed probation. More importantly, Defendant is employed at multiple jobs. He works as a carpenter and is in the process of starting a limousine service. The Defendant's employer was in Court to vouch for the Defendant and to assure the Court that the Defendant would be welcome back at work if released. The Defendant also has strong ties to the community and a stable family life. He has been a DC resident his entire life and he currently lives with his common law wife and four children.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, however, favors detention. The Defendant is charged with possession with intent to distribute cocaine and crack cocaine. Additionally, though he is not charged with unlawful gun possession, DEA agents recovered three loaded semi-automatic weapons from the Defendant's house. Drug trafficking and gun violence tears the very fabric of our community and destroys the lives of D.C. residents every day. In such circumstances, the Act creates a presumption of dangerousness that is the Defendant's burden to overcome.

### **Conclusion**

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes that the evidence clearly and convincingly establishes that the Defendant's pretrial release would constitute an unreasonable risk of danger to the community. The presumption in favor of detention established by the statute has not been overcome by the Defendant in this case. Therefore, the government's motion for pretrial detention is granted.


Dated: February _13th_, 2006           _____/s/_____
                                        ALAN KAY
                                        UNITED STATES MAGISTRATE JUDGE